PORTER & McRAE *v.* R. A. STONE.

1. PARTITION OF PERSONALTY. *Tenant in common. Trustee. Code* 1880, § 2580.

   After condition broken, a trustee in a deed of trust conveying an undivided interest in personalty, has such interest as will entitle him to maintain a suit for partition of the property under § 2580, code 1880, which provides that "any tenant in common of personal property" of less value than $150 may obtain partition thereof before a justice of the peace.

2. TRUST-DEED. *Cropper. Abandonment of crop. Advances.*

   Where a laborer on shares who, to secure a debt for supplies to be advanced, has given a trust-deed on his share of the crop, abandons the work, and another takes his place, with the consent of the other share-owner and the holder of the trust-deed, and obtains supplies under it, but, after making and partly gathering the crop, also abandons it, the claim of the *cestui que trust* cannot be defeated by the act of such other share-owner.

FROM the circuit court of Tunica county.

HON. R. W. WILLIAMSON, Judge.

This was an action begun in the justice court for the partition of certain cotton under § 2580, code 1880. The petition alleges that the petitioner, R. A. Stone, trustee, and one Bennett are owners each of an undivided half-interest in the cotton; that appellants, Porter & McRae, claim to own the half-interest of Bennett. Pursuant to the statute, a writ of seizure was issued, and bond was given by Porter & McRae for the forthcoming of the cotton. Judgment was rendered in favor of the appellee, both in justice and circuit court, and, after motion for new trial overruled, Porter & McRae prosecute this appeal.

Briefly stated, the facts are as follows: Ben Smith and L. Bills rented a plantation in Tunica county for the year 1890, and sub-rented a part of it to Bennett, who employed one Thompson to work a part of the land on shares—*i. e.*, Thompson was to receive one-half of the crop, and Bennett the

other half.  Bennett made an arrangement with H. Banks & Co., merchants, to furnish supplies to Thompson, and the latter, to secure such advances, executed to Stone, trustee for H. Banks & Co., a trust-deed upon all his interest in the crop to be made under his contract.  Bennett likewise executed a deed of trust to secure appellants, Porter & McRae, in the payment of advances already made, and to be made, by them to him, the trust-deed covering his interest in all the crops to be raised by him and his hands, tenants and employes during the year.

Thompson planted his crop, but abandoned it early in the summer; thereupon Bennett agreed with the wife of Thompson that she should work the crop which her husband had planted, and make and gather it for one-half of the same. She and Bennett went together to the store of Banks & Co., and acquainted them with the contract they had made with each other.  There is some contradictory evidence as to what was said at this interview.  There is some testimony that it was there verbally agreed by the parties that the wife of Thompson should make and gather the crop under his (Thompson's) contract, and also to the effect that Bennett requested Banks & Co. to continue to supply her during the rest of the year.  Banks & Co. continued to furnish supplies, and she made and partly gathered the crop of cotton, but then abandoned it in favor of Bennett, who turned it over to the trustee of appellants, who finished gathering the crop, and now retains it, claiming it under Bennett's trust-deed to them.  Thereupon, Stone, trustee for Banks & Co., after default in their deed of trust, commenced this partition proceeding.  It was agreed by counsel for the respective parties that the one-half of the cotton grown upon the land worked by Thompson and afterwards by his wife, was worth more than the balance due Banks & Co., on their trust-deed, and further agreed that, if the circuit court, trying the cause without a jury, should hold that the trust-deed to Banks & Co. bound said one-half of the cotton, a moneyed judgment should

be rendered in favor of plaintiff against Porter & McRae.
The court found in favor of the petitioner, Stone, and Porter
& McRae prosecute this appeal.

The case involves a construction of § 2580, code 1880, which
is as follows: "Any tenant in common of personal property,
not exceeding in value one hundred and fifty dollars, may
apply, by petition in writing, to any justice of the peace of
the district in which such property may be, for a partition of
it according to the rights of the several parties in interest;
and, thereupon, all the co-tenants shall be summoned, and
the rights of parties ascertained, and an order be made for
a division of the property; or, if the property is incapable of
division in kind according to the several interests, or if a sale
and division of the proceeds will better promote the interests
of parties, the justice of the peace shall order a sale of the
property, and a division of its proceeds according to the rights
of the parties in interest, and may designate a person to
make such sale, and may issue execution specially framed to
that end; and may make all orders necessary or proper to
protect the rights of parties in interest, and to effect such
sale and division of its proceeds."

*F. A. Montgomery,* for appellant.

1. The trustee is not such a tenant in common as may ob-
tain partition under § 2580, code 1880. After condition
broken, he is entitled to possession for the purpose of selling
under the trust-deed. The grantor is still owner as against
all others, and, against the trustee, is owner of the equity of
redemption, and he alone is entitled to obtain partition.

2. If the landlord and share-laborer are tenants in common,
appellee, holding through Thompson, can have no greater
rights than he had. But Thompson was never owner of the
crop, because his contract was an entirety. He was to work
and gather the crop and own one-half of it, but, having aban-
doned it, he forfeited his contract. Thompson's wife, under
a new contract, finished the crop and became the share-owner

with Bennett. She had never mortgaged her interest to Banks, but relinquished the crop, when gathered, to Bennett, and it at once became subject to appellants' trust-deed.

*Calvin Perkins*, for appellee.

1. The trustee, after condition broken, has such an interest as entitles him to maintain partition under the statute.

2. The contract between Thompson and Bennett made them tenants in common of the crop. *Betts* v. *Ratliff*, 50 Miss., 561; *Doty* v. *Heth*, 52 *Ib.*, 530. The mortgagee of Thompson succeeded to his interest, and could do any thing necessary to protect it. He completed the cropper's contract with the consent of the other share-owner.

CAMPBELL, C. J., delivered the opinion of the court.

This is a proceeding under § 2580 *et seq.* of the code of 1880, and presents two questions:

1. Has the trustee in a deed of trust on personal property, after breach of the condition, such interest in the subject of the trust as to entitle him to maintain such proceeding for partition?

2. Where a "cropper" on shares gives a deed of trust on his share, and under it obtains supplies, and abandons the work, and another takes his place, with the consent of the other share-owner and the holder of the deed of trust, and obtains supplies under it, and completes the making of the crop, and partly gathers it, and then abandons it, has the *cestui que trust* a claim on the crop not subject to be defeated by the act of the other share-owner?

We answer both questions affirmatively.

*Affirmed.*